UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DANIEL T. WARREN,

        Plaintiff,

    v.                                      24-CV-1027-LJV
                                                  DECISION & ORDER
HON. ROWAN D. WILSON et al.,

        Defendants.

---

        The pro se plaintiff, Daniel T. Warren, has filed a motion asking the Court to take judicial notice of certain documents in connection with the defendants' pending motion to dismiss. Docket Item 25. More specifically, Warren asks this Court to take judicial notice of (1) an order issued by the New York Court of Appeals on July 24, 2025; (2) a letter dated February 28, 2025, from United States Attorney General Pam Bondi to the American Bar Association; and (3) the American Bar Association's response, dated March 10, 2025, to Bondi's letter. *See* Docket Items 25-1 ¶¶ 8-16, 25-2, 25-3, and 25-4. The defendants do not object to Warren's motion. Docket Item 27.

## **DISCUSSION**

        On "a motion to dismiss under Rule 12(b)(6), 'a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken.'" *United States v. Weathers*, 2024 WL 3431054, at *8 (W.D.N.Y. July 16, 2024) (quoting *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99,

107 (2d Cir. 1999)).  "[C]ourts may take judicial notice of public documents or matters of public record . . . including the contents of court dockets," *see Ng v. Sedgwick Claims Mgmt. Servs. Inc.*, 2024 WL 4827574, at *4 (S.D.N.Y. Nov. 19, 2024) (citations and omitted), "even if the [records we]re not attached to or incorporated by reference in the complaint," *see Munno v. Town of Orangetown*, 391 F. Supp. 2d 263, 268 (S.D.N.Y. 2005).  Moreover, "Rule 201 of the Federal Rules of Evidence permits judicial notice of a fact that is 'either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned.'"  *Porrazzo v. Bumble Bee Foods, LLC*, 822 F. Supp. 2d 406, 411 (S.D.N.Y. 2011) (alteration omitted) (quoting *United States v. Bryant*, 402 F. App'x 543, 545 (2d Cir. 2010)).

In the context of the defendants' motion to dismiss, Warren asks the Court to take judicial notice of three documents and their contents.  Docket Item 25-1 ¶¶ 8-16.  "In the motion to dismiss context, however, a court should generally take judicial notice [of documents] 'to determine what statements [they] contain[,] not for the truth of the matters asserted.'"  *Schubert v. City of Rye*, 775 F. Supp. 2d 689, 698 (S.D.N.Y. 2011) (alterations omitted) (quoting *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991)).  All three documents here are judicially noticeable, but the truth of the statements in those documents is not.

First, the order issued by the New York Court of Appeals on July 24, 2025, is publicly available, Docket Item 25-1 ¶ 10, and insofar as it orders certain acts and procedures to be taken, it contains facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned."

2

*Porrazzo*, 822 F. Supp. 2d at 411 (alteration omitted).  But the order also includes "whereas" clauses with the facts that provide the bases for the court's order, and this Court has no way of verifying the accuracy of those facts.  Therefore, this Court will take judicial notice of the order and the requirements it imposes but not of the truth of any facts that it includes.

The same is largely true of Attorney General Bondi's letter to the American Bar Association dated February 28, 2025, and the American Bar Association's response dated March 10, 2025.  Both those letters also are publicly available, Docket Item 25-1 ¶¶ 13, 16, and insofar as they contain the positions of the Department of Justice and the American Bar Association, they include facts that are true by their very nature.

But the letters also include statements and assertions—as well as some opinions—that are not generally accepted and that cannot be "accurate[ly]" and "read[ily]" determined by sources that cannot be questioned.  For example, Bondi's letter says that the Council of the Section of Legal Education and Admissions to the Bar "has subjected law faculties and law students to unlawful race and sex discrimination under the guise of 'diversity' mandates" and that "any requirement that law schools demonstrate 'a commitment to diversity' is deeply problematic."  *Id.* at 2-3.  That may be the position of Bondi and the administration that employs her, but it is by no means a given or necessarily the truth.  Therefore, the Court takes judicial notice of the fact that the letters were sent and the contents they include, but not of the truth of any factual assertions or opinions in them.

3

## **CONCLUSION**

For all those reasons, Warren's motion for judicial notice is GRANTED IN PART and DENIED IN PART.

SO ORDERED.

Dated:  March 10, 2026
        Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE
